UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAUGHN LEONARD DORTCH,

        Petitioner,

        v.

SHERMAN CAMPBELL,

        Respondent,

_____/

Civil Case No. 23-10594
Honorable Linda V. Parker

**OPINION AND ORDER DENYING THE MOTIONS FOR THE
APPOINTMENT OF COUNSEL (ECF No. 3) AND FOR
AN EVIDENTIARY HEARING (ECF No. 4)**

The matters are presently before the Court on habeas Petitioner Vaughn Leonard Dortch's ("Petitioner") motions for the appointment of counsel, ECF No. 3, and for an evidentiary hearing, ECF No. 4. For the reasons stated below, the motions are denied without prejudice.

**Motion for the Appointment of Counsel**

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is

therefore required only if, given the difficulty of the case and Petitioner's ability, Petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). "Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (citing *Swazo v. Wyoming Dep't of Corrections,* 23 F.3d 332, 333 (10th Cir.1994)). Thus, if the court finds that no evidentiary hearing is necessary, appointing counsel for a habeas petitioner remains in the sole discretion of the court. *Id.* (citation omitted).

Counsel may be appointed in cases where a prisoner appears pro se in a habeas action. *See Lemeshko*, 325 F. Supp. 2d at 788. However, this is granted only in exceptional circumstances, which "occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Id.*

Here, Petitioner filed a petition for writ of habeas corpus and a 28-page brief in support of the petition, which cites to numerous federal and state cases. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until this Court reviews the pleadings filed by Petitioner and

Respondent[1] and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required.  Thus, the interests of justice at this point in time do not require appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).  The motion for the appointment of counsel is denied without prejudice.

## <u>Motion for an Evidentiary Hearing</u>

Rule 8 of the Rules Governing Section 2254 Proceedings provides, in relevant part:

> [i]f the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).  When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those

---

[1] The Government's response to the petition is due on September 21, 2023.

standards in deciding whether an evidentiary hearing is appropriate." *Id.* "If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *C.f. Stanford v. Parker,* 266 F.3d 442, 459 (6th Cir. 2001) ("a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit.") Under the provisions of the Antiterrorism and Effective Death Penalty Act, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002) (quoting *Stanford*, 266 F.3d at 459. However, an evidentiary hearing is not required where "the record is complete or if the petition raise[s] only legal claims that can be resolved without the taking of additional evidence." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without these materials, the Court is unable to determine whether an

evidentiary hearing on petitioner's claims is needed.  Following receipt of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

Accordingly,

**IT IS ORDERED** that the motion for the appointment of counsel (ECF No. 3) and the motion for an evidentiary hearing (ECF No. 4) are **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's motions if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that the appointment of counsel and/or an evidentiary hearing are necessary.

**SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: August 15, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 15, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager