UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAUGHN LEONARD DORTCH,

    Petitioner,

Case No. 2:23-CV-10594
HON. LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

v.

SHERMAN CAMPBELL,

    Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Vaughn Leonard Dortch, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a); assault with intent to murder, MICH. COMP. LAWS § 750.83; and assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84.  (ECF No. 1.)  Petitioner has now filed this motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition.

1

The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes this case.

### I. Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *See People v. Dortch*, No. 354619, 2022 WL 1195284 (Mich. Ct. App. Apr. 21, 2022), *lv. den.* 978 N.W.2d 840 (Mich. 2022).

On March 14, 2023, Petitioner filed his application for writ of habeas corpus. Petitioner seeks habeas relief on the same grounds that he raised in the state courts on his appeal of right.

### II. Discussion

Petitioner filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition.

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, N.H. State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay"); *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 F.

2

Case 2:23-cv-10594-LVP-KGA ECF No. 13, PageID.104 Filed 10/11/23 Page 3 of 7

App'x 303, 306 (6th Cir. 2007) (quoting *Nowaczyk*, 299 F.3d at 83) (holding that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served"); *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

Although there is no bright-line rule that a district court can never dismiss a fully exhausted habeas petition because of the pendency of unexhausted claims in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to dismiss the case rather than to enter a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling*, 246 F. App'x at 306 (finding that the district court erred in dismissing a petition containing only exhausted claims, as opposed to exercising its jurisdiction over the petition, merely because petitioner had an independent proceeding pending in state court involving other claims).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts. The outright dismissal of the petition, albeit without prejudice, might preclude the consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that justifies holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be

3

time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations support holding the petition in abeyance while Petitioner returns to the state courts to exhaust his new claims. In particular,

> the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition.

*Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Moreover, "if this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.* (internal citation omitted).

Other factors support the issuance of a stay. This Court is currently unable to determine whether Petitioner's new claims have any merit, thus, the Court cannot conclude that Petitioner's claims are "plainly meritless." *Thomas*, 89 F. Supp. 3d at 943. Nor can the Court, at this time, say that Petitioner's new claims plainly warrant habeas relief. *See id.* If the state courts deny post-conviction relief, this Court will still benefit from the state courts' ruling on these claims in deciding whether to permit Petitioner to amend his petition to add these claims. *See id.*

Finally, Respondent will not be prejudiced by a stay, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate

courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements," should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within ninety-days (90) of receiving this Court's Order and returning to federal court within ninety-days (90) of completing the exhaustion of state court post-conviction remedies. *See Hargrove,* 300 F.3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir.

5

2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See* M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see also Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See, e.g.*, *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within ninety-days (90) of receipt of this Order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within ninety-days (90) after the conclusion of his state court post-conviction proceedings, along with a motion

to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas*, 89 F. Supp. 3d at 943-44.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 11, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager